IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SONNY LAUREN HARMON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. CIV-08-383-C |
| ) | |
| JUSTIN JONES, Director ) | |
| ) | |
| Respondent. ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, a state prisoner, proceeding pro se, filed a petition for habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254.  Consistent with the provisions of 28 U.S.C. § 636(b)(1)(B), the case was referred to United States Magistrate Judge Gary Purcell. Judge Purcell entered a Report and Recommendation on April 16, 2008, to which Petitioner has timely objected.

In his Report and Recommendation, Judge Purcell accurately set out the facts and law and correctly noted that Petitioner's action was filed in the wrong court.  Petitioner seeks relief from a conviction that occurred in Pontotoc County, Oklahoma.  Pontotoc County is with the jurisdictional limits of the United Stated District Court for the Eastern District of Oklahoma.  Petitioner is currently incarcerated at the Davis Correctional Facility which is also located in the Eastern District of Oklahoma.  Accordingly, Petitioner's action must be brought in the Eastern District of Oklahoma.  See 28 U.S.C. § 2241(d) ("Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts,

the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him . . . ."). Petitioner argues that his claim is premised in part on the issuance of a defective search warrant which was issued by the Garvin County District Court and that because Garvin County is in the Western District of Oklahoma, the present action is properly filed. As set forth by the statute above, it is the place of conviction or custody that governs proper venue. As venue under either provision is proper only in the Eastern District, Petitioner's case must be pursued there.

Petitioner requests that if the Court finds venue improper here, his case not be dismissed as recommended by Judge Purcell but transferred to the Eastern District. Pursuant to 28 U.S.C. § 1406(a), the Court finds the interests of justice are served by transfer of the present action to the Eastern District of Oklahoma.

Accordingly, the Court adopts, in part, the Report and Recommendation of the Magistrate Judge (Dkt. No. 6), and for the reasons announced herein, transfers this matter to the United Stated District Court for the Eastern District of Oklahoma.

IT IS SO ORDERED this 29th day of April, 2008.

ROBIN J. CAUTHRON
United States District Judge